## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAYNE CHRISTENSEN COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **Case No. 08-2203-CM** |
| **LEVELLAND/HOCKLEY COUNTY** ) | |
| **ETHANOL, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM AND ORDER

This declaratory judgment action is before the court on defendant Levelland/Hockley County

Ethanol, LLC's ("Levelland's") Motion to Dismiss or, In the Alternative, Transfer This Matter to the

United States District Court for the Northern District of Texas (Doc. 22).  Levelland contends that

plaintiff Layne Christensen Company ("Layne") filed this action in response to an already-pending

lawsuit in Texas federal court (the "Texas case").  In the Texas case, Levelland alleges claims

against Layne for breach of contract/warranty, deceptive trade practices, negligence, negligent

misrepresentation, fraud, and fraudulent inducement—all arising from the design and construction of

a water treatment facility.  Layne filed a motion to dismiss the Texas case for improper venue,

arguing that a forum selection clause in a lease agreement between the parties governs, and that

Kansas is the proper forum for the Texas case.  In the instant case, Layne asks the court to declare

the terms and scope of the lease agreement "related to the design, construction, delivery and

performance of the [water treatment system]."  The District Court for the Northern District of Texas

ruled that venue was appropriate in Texas.

A court may decline to exercise jurisdiction to hear a declaratory judgment action.  28 U.S.C.

§2201; *Sprint Corp. v. Aerotel, Ltd.*, No. 99-2547-JWL, 2000 WL 382031, at * 2 (D. Kan. Mar. 17,

2000) (*citing Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)).  Whether to exercise jurisdiction

under the Declaratory Judgment Act is within the sound discretion of the district courts.  *Wilton*, 515

U.S. at 282; *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).  The

Tenth Circuit has set forth five factors a district court should evaluate in determining whether to

exercise jurisdiction over a declaratory judgment action:

> (1) whether a declaratory action would settle the controversy; (2) whether it would
> serve a useful purpose in clarifying the legal relations at issue; (3) whether the
> declaratory remedy is being used merely for the purpose of procedural fencing or to
> provide an arena for a race to res judicata; (4) whether use of declaratory action
> would increase friction between our federal and state courts and improperly encroach
> upon state jurisdiction; and (5) whether there is an alternative remedy which is better
> or more effective.

*United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002) (quotations omitted)

(quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)) (recognizing the

factors of *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), but applying the *Mhoon* factors).

Here, the fourth factor is irrelevant, as there is not a case pending in state court—the Texas

case is also in federal court.  The first, second, and fifth factors weigh slightly in favor of Levlland.

Under the first factor, while a declaration would settle the controversy presently before this court

(the scope of the lease), it would not settle the entire controversy between the parties; it would only

define the scope of the lease, which would impact Layne's defenses and Levelland's claims in the

Texas case.  Under the second factor, the declaratory action could clarify some legal relations, but

potentially not all.  Under the fifth factor, there is an alternative remedy: the action for damages

pending in Texas, which contains all of the other claims between the parties.  Notably, Layne has

raised applicability of the lease agreement in the Texas case.

The third factor—whether Layne is using this action for procedural fencing—is the most

significant factor to the court in this case.  District courts have discretion in staying or dismissing a

suit whenever it is duplicative of "a parallel action already pending in another federal court."

*Hoosier Energy Rural Elec. Coop., Inc. v. Exelon Generation Co., LLC*, No. 1:04-cv-1761-JDT-

TAB, 2005 WL4882703, at *2 (S.D. Ind. Sept. 26, 2005) (citing *Serlin v. Arthur Andersen & Co.*, 3

F.3d 221, 223 (7th Cir. 1993)).  Duplicative suits are those in which "the claims, parties, and

available relief do not significantly differ between the two actions."  *Id.*  Here, plaintiffs' declaratory

judgment action involves the same parties disputing one issue—potentially an overriding issue—that

is the same as in Texas.  In fact, in the Texas case, Layne stated in support of its motion to dismiss

or transfer that "[t]he executed Lease and the subsequent change orders are the controlling

documents as to the design, construction, delivery and performance of the [water treatment]

[s]ystem."  (Doc. 24 Ex. F, at 8.)  The only useful purpose for which Layne could have filed this

case is to settle a disagreement over whether the lease agreement governs the claims pending in the

Texas case.  The court determines that there is not an independent "lease dispute" between the

parties, but merely a dispute over whether the lease governs affirmative claims that Levelland raised

in the Texas case.

 This court ordinarily applies the first-to-file rule, which provides that when duplicative

lawsuits are pending in separate federal courts, the entire action should be decided by the court in

which the action was first filed.  *Johnson v. Pfizer, Inc.*, No. 04-11178-MLB, 2004 WL 2898076, at

*2 (D. Kan. Dec. 10, 2004) (citing *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga.*, 189

F.3d 477 (10th Cir. 1999); *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir.

1982); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965)).  As a general rule,

therefore, the first-filed suit has priority.  *Venture Corp. v. J.L. Healy Constr. Co.*, No. 88-1351-T,

1988 WL 131354, at *2 (D. Kan. Nov. 22, 1988).

Here, the first-filed action is the Texas case.  The declaratory judgment action is the second-filed case.  Ordinarily, when the court considers the first-to-file rule, it is determining whether to dismiss a first-filed declaratory judgment action.  But here, the court must determine whether to dismiss or transfer the second-filed declaratory judgment action.

Layne argues that the first-to-file rule does not apply here because the two actions do not involve the same or substantially similar issues.  Layne's argument lacks merit.  In order for the first-to-file rule to apply, the issues and parties need only be "substantially similar."  *Ed Tobergte Assocs. v. Zide Sport Shop*, 83 F. Supp. 2d 1197, 1198 (D. Kan. 1999) (citation omitted); *Graphic Tech., Inc. v. McDonald's Operations Ass'n*, No. 00-2349-GTV, 2000 WL 1920034, at *1 n.2 (D. Kan. Dec. 21, 2000).  Although the relief sought by Levelland in Texas and Layne here differs, Layne raises the same threshold issue in both venues: What is the scope of the lease agreement between the parties?  Presumably, Levelland does not allege a claim under the lease in Texas because Levelland's position is that the lease does not govern its claims in Texas.  The parties' disagreement over the impact of the lease on Levelland's Texas claims does not make the issues in this action dissimilar from those in the Texas case.  The court determines that the two actions involve "substantially similar" issues and the same parties.

Layne also asks the court to disregard the first-to-file rule because Levelland was forum shopping when it filed the Texas case.  The court does not find this to be a valid basis for disregarding the first-to-file rule in this case.  The water treatment system at the heart of this matter is located in Texas.  Levelland disputes that the lease governs its claims or dictates where they must be brought.  And the Texas court has already ruled that venue is appropriate in Texas.  Under these circumstances, the court does not find that Levelland engaged in forum shopping.

In light of the *Mhoon* factors identified above, the court declines to hear this declaratory

judgment action and grants Levelland's motion to dismiss.  Levelland's alternative request to transfer is moot.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss or, In the Alternative, Transfer This Matter to the United States District Court for the Northern District of Texas (Doc. 22) is granted in part and denied in part as moot.

Dated this 12th day of February 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**